# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 6131 | **DATE** | 2/14/2001 |
| **CASE TITLE** | UNICARE HEALTHPLANS OF THE MIDWEST vs. GAYLE STEINBERG | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

MEMORANDUM

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Enter memorandum opinion and order. Defendants' motion to dismiss Plaintiff's First Amended Complaint is denied.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | **Document Number** |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | FEB 1 5 2001 | |
| | Notified counsel by telephone. | | date docketed | 11 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| LG | courtroom deputy's initials | 01 FEB 14 PM 3:28 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNICARE HEALTHPLANS OF THE )
MIDWEST, INC., f/k/a/ RUSH PRUDENTIAL )
HMO, INC., )
)
)
      **Plaintiff,** )
) No. 00 C 6131
v. )
) Judge John W. Darrah
)
GAYLE STEINBERG, as mother of DANA )
STEINBERG, a minor, GAYLE STEINBERG, )
individually, and DANA STEINBERG, )
)
      **Defendants.** )

DOCKETED
FEB 1 5 2001

## MEMORANDUM OPINION AND ORDER

Plaintiff, Unicare Healthplans of the Midwest (Unicare), filed suit against defendants, pursuant to the Employee Retirement Income Security ACT (ERISA), seeking reimbursement of monies paid for treatment rendered to Dana Steinberg. Plaintiff's original complaint was dismissed, and before the Court is defendants' Motion to Dismiss Plaintiff's First Amended Complaint.

In ruling on a motion to dismiss, the Court must accept the events as specified in the complaint as true, and all ambiguities are construed in favor of the plaintiffs. *Curtis v. Bembeneck*, 48 F.3d 281, 283 (7th Cir 1995). Federal notice pleading requires that a plaintiff "set out in [the] complaint a short and plain statement of the claim that will provide the defendant with fair notice of the claim." *Scott v. City of Chicago*, 195 F.3d 950, 951 (7th Cir. 1999).

Plaintiff's complaint alleges that defendants were participants in Unicare, a health care plan, that was formally known as Rush Prudential HMO, "at all material times." It alleges that Dana

Steinberg, as a beneficiary of the Plan, received benefits for medical expenses incurred in the treatment of injuries she sustained in an accident. A copy of the Plan, titled "Member Guide and Certificate for Rush Prudential HMO Members Enrolled in The Affialiates Plan", is attached to the complaint. The Plan contained a provision for reimbursement and subrogation of benefits and services furnished by the Plan. Plaintiff alleges that defendants settled a claim against the tortfeasor responsible for Dana Steinberg's injuries and that plaintiff has a right to be reimbursed for the monies paid out to treat those injuries. Paragraph seven of the amended complaint alleges "UNICARE is a fiduciary within the meaning of ... ERISA...."

Defendants argue that plaintiff's complaint fails to properly allege that plaintiff has standing to bring the suit under ERISA. Defendants first argue that the Plan attached to the amended complaint does not refer to either defendants or Unicare. While defendants are correct that the Plan does not refer to either defendants by name and does not name Unicare, the amended complaint did allege that defendants were participants in the attached plan and further explained that Unicare was formally known as Rush Prudential HMO as named on the Plan.

Defendants also argue that the amended complaint fails to indicate that Unicare was a fiduciary of defendants' HMO Plan during the relevant period of 1995 to 1997. However, the amended complaint did allege that defendants were participants in Unicare at all material times and later stated that Unicare was a fiduciary within the meaning of ERISA. These allegations were sufficient notice that plaintiff was alleging defendants were participants of Unicare's Plan during 1995 to 1997 and Unicare was a fiduciary within the meaning of ERISA at the relevant times.

Defendants also argue that plaintiff failed to allege facts to illustrate that it was a fiduciary within the meaning of ERISA. Fed.R.Civ.P. 8(a)(2) requires a "short and plain statement of the

2

claim showing that the plaintiff is entitled to relief." Plaintiff has proved a short and plain statement showing it is entitled to relief through its allegation that it is a fiduciary within the meaning of ERISA. Furthermore, the amended complaint contains other allegations that support plaintiff's alleged fiduciary status. For example, paragraph 2 alleges that defendants were participants in a Unicare health care plan; and paragraph 4 alleges that Unicare, through the Plan, provided managed care services for its members, including defendants.

Last, defendants argue that the amended complaint "implicitly suggests" that Unicare has succeeded to the rights of Rush Prudential HMO. Upon information and belief, defendants believe that Unicare may not have succeeded to the rights of Rush Prudential HMO. The amended complaint alleges that Unicare has succeeded to the rights of Rush Prudential HMO through Rush Prudential HMO changing its name to Unicare. While defendants believe the allegations may not be true, the allegations are accepted as true at this stage of the litigation (*Curtis*, 48 F.3d at 283) and the plaintiff need not plead additional facts showing it is entitled to relief (Fed. R. Civ. Proc. 8(a)(2). Plaintiff's allegation is sufficient to confer plaintiff's standing; and, therefrom, this Court's jurisdiction.

Defendants' Motion to Dismiss Plaintiff's First Amended Complaint is denied.

Dated: February 14, 2001

JOHN W. DARRAH
United States District Judge